EDWARD E. TITCOMB *versus* JAIRUS KEENE & *al.*

Where a poor debtor's bond, the condition of which was to be performed in six months, was dated Jan. 6, 1838, and the officer returned on the execution, that on the same day he arrested the body of the debtor, "and at the same time he tendered to me a bond which I have annexed herewith;" in an action on the bond, parol evidence will not be admitted to show, that the bond was delivered at an earlier day than the day of its date, and thereby that the six months commenced prior to the sixth of January.

EXCEPTIONS from the Eastern District Court, ALLEN J. presiding.

The parties, in that Court, submitted the case upon a statement of facts, wherein they agreed, that the plaintiff could prove by parol, and it was to be considered as proved, if the Court should consider it to be legal and admissible evidence, that the poor debtor's bond, on which this action is founded, bearing date Jan. 6, 1838, was signed, sealed and delivered to Charles Hapgood, the deputy sheriff who made the arrest, a long time prior to that of the date; and that the principal did not disclose within six months of the time of the delivery of the bond to the deputy, although he did so within six months from the date, before two Justices of the Quorum, and was by them discharged according to the provisions of the statute. It was agreed, that the execution, with the return thereon, bond, oath and other proceedings in the case, should be referred to by either party. They are sufficiently stated in the opinion of the Court. The Court was to order a nonsuit or default.

The District Judge ruled, that oral evidence was admissible, and that a default should be entered; to which the defendants excepted.

*Vance*, for the defendants, contended that the officer's return was conclusive, and that parol evidence was inadmissible to contradict, or vary it, unless in an action against the officer. *Davis* v. *Maynard*, 9 Mass. R. 242; *Winslow* v. *Loring*, 7 Mass. R. 392; *Bott* v. *Burnell*, 9 Mass. R. 96; *Kendall* v. *White*, 13 Maine R. 249; *Boody* v. *York*, 8 Greenl. 272; *Agry* v. *Betts*, 3 Fairf. 415.

*Pillsbury*, for the plaintiff, said that this, like other bonds, took effect from the time of its delivery. As soon as it was delivered, it became binding on the defendants as a bond. Parol evidence is always admissible to show the delivery of a deed, or other instrument. If the bond had been dated three months' later, it could not have extended the time for taking the oath another three months. Proving the time of the delivery does not contradict the deed. The making of the deed, and its delivery, are distinct acts. The delivery must always be proved by parol, or be inferred from facts proved in the same mode.

The opinion of the Court was by

EMERY J. — The defendant, Keene, having been arrested on the 6th day of January, 1838, by virtue of an execution in favor of the plaintiff, bearing date the 8th day of July, 1837, returnable to the clerk's office of the Supreme Judicial Court, within six months from the date of the execution, was relieved from the necessity of submitting to a commitment, in consequence of the bond now in suit. It is executed by the defendant, Keene, as principal, and Joseph Whitney, as surety, in the penal sum of eighty-four dollars, and bears date at Calais, the sixth day of January, A. D. 1838. The condition is, if the said Jairus Keene, Jr. shall in six months from the date of this bond, cite the execution creditor before two justices of the peace, *quorum unus*, and submit himself to examination, and take the oath or affirmation prescribed by law for poor debtors, or pay the debt, interest, costs, and fees, on said execution, or deliver himself into the custody of the jailer within said time,

then this bond shall be void; otherwise remain in full force and virtue.

Two disinterested justices of the peace for said county and of the quorum, approved of the sureties in this bond.

Mr. Keene, within the six months from the apparent date of the bond, did disclose and was discharged by two justices of the peace and quorum, according to the provisions of law in such case made and provided.

This discharge the plaintiff would render unavailing, by shewing, if he can by law, that this bond was signed, sealed, and delivered to Charles Hapgood, deputy sheriff, a long time previous to that which it bears date, and that the principal defendant in said bond did not disclose within six months from the time of delivery aforesaid of the bond, although he did disclose within the six months from said apparent date. But can we, under the circumstances of this case, permit this evidence to be introduced ? It is true, in general, that the mere circumstance of a date to an instrument, shall not decide the time of delivery, from which it may be deemed to take its efficiency. The duty of an officer is to execute his precepts with diligence and despatch. It is apparent, however, from the length of the time appointed for the return of the precept to the Court, of the officer's doings, that something must necessarily be left to the discretion of the officer. Such a change has come over the legislature in relation to the remedy against the body, that it need not, on arrest, be immediately incarcerated, but further indulgence be extended, upon bond being given to cite the creditor to hear the debtor's disclosure, to pay the debt, or deliver himself into the custody of the jailer within six months. It is perhaps on the pleasing theory that such will be the love of justice on the part of the debtor, that if practicable, he will within the time allotted, make every exertion to pay his honest debt, with interest; and if, unfortunately, he should be unable, he will give notice to the creditor to hear the exposition of the state of his funds, and leave to the proper tribunal to decide whether he be the poor debtor who ought to be liberated. After all these fail, the other alternative is the

surrender to the custody of the jailer. Whether the benevolent and humane design of the law, to call forth all the reverence of debtors for the convenient appropriation of their effects to *satisfy the judgment creditors,* will be accomplished, remains to be ascertained. To secure the officer from imputation, and the debtor against surprize, it may be imagined *that a bond may have been transmitted to the officer to be ready for application on arrest being made.* But in this case, it is to be recollected, that by the agreement of the parties the execution is made part of the case, together with the bond. Upon that execution we find this return — " Washington, ss. Jan. 6, 1838. By virtue of this execution, for want of property of the within named Keene to satisfy the same, I arrested his body, and at the same time he tendered me a bond which I have annexed herewith. CHAS. HAPGOOD, Dep. Sh'ff.

" Fees — 3 pr. c. on $39,17 is 1,46
" Travel, 2,15
3,61."

This return we must believe, and that the arrest was truly made on that 6th day of January. The bond cannot be considered as having, for any legal purpose, *been delivered, to be effectual, until the arrest.* By a different inference, the whole system of relief for poor debtors would be at once broken in upon, and the law authorizing six months from the returned arrest, which was designed to be extended to the debtor, frustrated and turned into a measure of oppression by entrapping the credulous debtor into a belief, that he would have six months from the time when the officer determined to close negotiation, by returning the arrest on a certain day, when in fact it was intended to leave the matter in total uncertainty as to the time from which the six months should commence running.

Between these parties, upon this subject, the officer's return must be taken to be conclusive, and not to be contradicted. According to the agreement of the parties, we are satisfied that the proposed evidence is inadmissible. We are of opinion, upon the facts agreed, which are legally admissible, that the

principal. defendant has complied with the obligation of the bond. The exceptions must be sustained, and the plaintiff must therefore become nonsuit.